1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  Royce A. Pearson,

11          Plaintiff,                    No. CIV S-05-0490 LKK CMK P

12       vs.

13  C. E. Finn, et al.,

14          Defendants.            <u>ORDER</u>

15  _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17  U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18  § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19  § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23  U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $4.48 will be assessed by this

24  order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25  collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account.  These payments will be

1 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2 account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3    In his complaint, plaintiff alleges that he is a disabled inmate and that defendants

4 are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment by

5 housing him "inappropriately."  (Pl.'s Compl. at 5.)  Plaintiff also alleges a violation of his due

6 process rights with respect to the prison grievance process and that he is being retaliated against

7 for filing prison grievances.  (Id.)

8    The court is required to screen complaints brought by prisoners seeking relief

9 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

10 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

11 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12 granted, or that seek monetary relief from a defendant who is immune from such relief.  28

13 U.S.C. § 1915A(b)(1),(2).

14    A complaint, or portion thereof, should only be dismissed for failure to state a

15 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

16 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

17 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

18 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

19 complaint under this standard, the court must accept as true the allegations of the complaint in

20 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

21 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

22 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

23    The allegations in plaintiff's complaint are so vague and conclusory that the court

24 is unable to determine whether the current action fails to state a claim for which  relief would be

25 granted.  Plaintiff's complaint does not contain a short and plain statement of the facts of his case

26 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

1   policy, a complaint must give fair notice and state the elements of the claim plainly and

2   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

3   must allege with at least some degree of particularity overt acts which defendants engaged in that

4   support plaintiff's claim.  Id.  For example, although plaintiff makes a conclusory statement that

5   he is disabled and that he has been housed inappropriately, he fails to detail how he is disabled or

6   how his housing violates the Americans with Disabilities Act.   Because plaintiff has failed to

7   comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The

8   court will, however, grant leave to file an amended complaint.

9          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13  there is some affirmative link or connection between a defendant's actions and the claimed

14  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

16  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

17  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

20  amended complaint be complete in itself without reference to any prior pleading.  This is

21  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

22  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

24  original complaint, each claim and the involvement of each defendant must be sufficiently

25  alleged.

26  ///

1        In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

4  Plaintiff is assessed an initial partial filing fee of $4.48.  All fees shall be collected and paid in

5  accordance with this court's order to the Director of the California Department of Corrections

6  filed concurrently herewith.

7        3.  Plaintiff's complaint is dismissed.

8        4.  Plaintiff is granted thirty days from the date of service of this order to file an

9  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

10  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

11  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

12  an original and two copies of the amended complaint; failure to file an amended complaint in

13  accordance with this order will result in a recommendation that this action be dismissed.

14  DATED:  June 7, 2005.

15

16  CRAIG M. KELLISON
17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26