IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROYCE A. PEARSON,

Plaintiff, No. CIV S-05-0490 LKK CMK P

vs.

C.E. FINN, et al.,

Defendants. ORDER

_______________________________/

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On October 26, 2005, the magistrate judge filed findings and recommendations recommending that plaintiff's complaint be dismissed due to his failure to file an amended complaint within thirty days. The findings and recommendations were served on plaintiff and contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff filed objections to the findings and recommendations along with an amended complaint on November 9, 2005.

///

///

Plaintiff states that he failed to file an amended complaint as directed by the court's June 9, 2005 order because he was not aware that he was had been directed to amend his complaint until November 3, 2005. Plaintiff appears to allege that he never received the court's June 9, 2005 order. As plaintiff has now filed an amended complaint, the court vacates the findings and recommendations issued on October 26, 2005 and screens plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**I. Background**

Plaintiff alleges in his amended complaint that he was prescribed insulin injections twice a day. Plaintiff states that prison staff have intentionally denied him his insulin injections. Plaintiff states that since filing his first complaint, he has had to be taken to a hospital for insulin injections. Plaintiff also appears to allege that he is being denied insulin injections as retaliation for filing administrative grievances. Plaintiff does not name any individuals who have participated in the alleged deprivation of his rights. His amended complaint also lacks a caption.

**II. Discussion**

While denial of medication may state a cognizable Eighth Amendment claim in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. See Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Because plaintiff does not individually name any prison staff in his complaint, plaintiff has failed to establish a link between any defendant and the alleged deprivation of his rights. Further, The court cannot determine from the complaint what role, if any defendant Finn, who was named in the caption of plaintiff's original complaint, played in the alleged deprivation of plaintiff's rights.

Plaintiff is given leave to amend his complaint in a manner consistent with the foregoing standard.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Conclusion**

Because it appears that the defects in plaintiff's complaint may be cured through amendment, plaintiff is given leave to amend his complaint.

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: December 4, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE