1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    ROYCE A. PEARSON,

10              Plaintiff,                    No. CIV S-05-0490 LKK CMK P

11         vs.

12   C.E. FINN, et al.,

13              Defendants.                   ORDER

14   _____/

15              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

16   filed pursuant to 42 U.S.C. § 1983.  By order filed December 7, 2005, plaintiff's amended

17   complaint was dismissed with leave to file a second amended complaint.  Plaintiff has now filed

18   a second amended complaint.

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

23   be granted, or that seek monetary relief from a defendant who is immune from such relief.  See

24   28 U.S.C. § 1915A(b)(1),(2).

25              A claim is legally frivolous when it lacks an arguable basis either in law or in

26   fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

                                              1

1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based

on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a

claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## I.    Background

In his second amended complaint, plaintiff states that his contentions are "clearly

factual and obvious to prove facts that support excessive abuse of powers of liability under

section 1983, that establishes the role that Warden Finn displayed by not requiring personnel

under his authority to peform [sic] their duties in a professional manner." (Pl.'s Second Am.

Compl. at 1:8-15.)  Plaintiff makes reference to correctional officers disregarding his appeals,

falsifying statements,  conspiring to punish plaintiff for seeking emergency medical care, and

failing to properly administer plaintiff's insulin.  All of plaintiff's assertions are very vague and

conclusory.

## II.   Discussion

When the court dismissed plaintiff's second amended complaint, plaintiff was

cautioned that he must establish a link between the defendants and his alleged civil rights

1    violations.  The allegations in plaintiff's amended complaint are so vague and conclusory that

2    the court is unable to determine whether the current action is frivolous or fails to state a claim for

3    relief.  See Fed. R. Civ. P 8(a)(2) (stating that a complaint must contain a short and plain

4    statement); Neitzke, 490 U.S. at 325.

5                    While retaliation and failure to properly administer medication  may state a claim

6    cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the

7    claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's

8    liability for deliberate indifference to assault requires that official know of and disregard an

9    "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section

10   1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . .

11   [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740,

12   743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between

13   named defendant and claimed injury);  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir.

14   1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions,

15   that show that an individual was personally involved in the deprivation of his civil rights.").  The

16   court can neither determine the nature of plaintiff's claim against defendants, nor can the court

17   determine what role, if any, any of the named defendants played in the alleged deprivation of

18   plaintiff's rights.   The court will, however, grant leave to file a third amended complaint.

19                   Plaintiff is cautioned that if he chooses to file a third amended complaint, he must

20   demonstrate to the court the factual basis of his complaint.  In other words, the plaintiff must

21   provide a concise statement of exactly how defendants have deprived him of his civil rights.

22    See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must

23   allege in specific terms how each named defendant is involved.  There can be no liability under

24   42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

25   actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

26   633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In other

3

1   words, the facts presented must show very clearly what each defendant did and how said act or

2   acts caused injury to plaintiff.

3              In addition, plaintiff is reminded that the court cannot refer to a prior pleading in

4   order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

5   an amended complaint be complete in itself without reference to any prior pleading.  This is

6   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the

8   original pleading no longer serves any function in the case.  Therefore, in a third amended

9   complaint, as in an original complaint, each claim and the involvement of each defendant must

10  be sufficiently alleged.

11  **III.    Conclusion**

12             In accordance with the above, IT IS HEREBY ORDERED that:

13             1.  Plaintiff's amended complaint is dismissed; and

14             2.  Plaintiff is granted thirty days from the date of service of this order to file a

15  second amended complaint that complies with the requirements of the Civil Rights Act, the

16  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

17  complaint must bear the docket number assigned this case and must be labeled "Third Amended

18  Complaint"; plaintiff must file an original and two copies of the second amended complaint;

19  failure to file a second amended complaint in accordance with this order will result in a

20  recommendation that this action be dismissed. See L.R. 11-110.

21  DATED:   February 28, 2006.

22

23                                          _____
                                            **CRAIG M. KELLISON**

24                                          UNITED STATES MAGISTRATE JUDGE

25

26